Exhibit A

Electronically FILED by Superior Court of California, County of Los Angeles on 01/12/2022 11:44 AM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Villarreal, Deputy Clerk
Case 2:22-cv-01001-DSF-GJS   Document 1-1   Filed 02/14/22   Page 2 of 6   Page ID #:5
22STLC00217

# 132754

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CONVERGENT OUTSOURCING, INC.,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SONIA BARRIENTOS,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 N. Hill Street,
Los Angeles CA 90012

**CASE NUMBER:**
*(Número del Caso):*
22STLC00217

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 21031 Ventura Blvd., Suite 340, Woodland Hills, CA 91364, 323-306-4234

DATE: 01/12/2022        Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)*               Clerk, by G. Villarreal, Deputy
                        *(Secretario)*            *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **Convergent Outsourcing, Inc.,**

   under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

Case 2:22-cv-01001-DSF-GJS Document 1-1 Filed 02/14/22 Page 3 of 6 Page ID #:6

Electronically FILED by Superior Court of California, County of Los Angeles on 01/12/2022 11:44 AM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Villarreal,Deputy Clerk
22STLC00217

Assigned for all purposes to: Spring Street Courthouse, Judicial Officer: Katherine Chilton

Todd M. Friedman (216752)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
21031 Ventura Blvd, Ste 340
Woodland Hills, CA 91364
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com
Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
LIMITED JURISDICTION

|  |  |
|---|---|
| SONIA BARRIENTOS, | Case No. 22STLC00217 |
| Plaintiff, | COMPLAINT FOR |
| -vs- | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| CONVERGENT OUTSOURCING, INC., | 2. Violation of Fair Debt Collection Practices Act |
| Defendant. | (Amount to exceed $10,000 but not to exceed $25,000) |
|  | Jury Trial Demanded |

## I. INTRODUCTION

1. This is an action for damages brought by Plaintiff SONIA BARRIENTOS for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. PARTIES

2. Plaintiff, SONIA BARRIENTOS. ("Plaintiff"), is a natural person residing in LOS ANGELES County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, Defendant, CONVERGENT OUTSOURCING, INC. ("Defendant"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

### III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff regarding an alleged debt.

5. On or around April 30, 2019, Plaintiff filed a petition for Chapter 13 Bankruptcy.

6. Beginning on or around June 1, 2021, Defendant began to contact Plaintiff on her cellular phone in an attempt to collect an alleged debt. Defendant did this despite the automatic stay placed on debt collecting activities pursuant to 11 U.S.C. § 362(a)(6).

7. Over the course of the following month, Defendant contacted Plaintiff multiple times a day, nearly every day. In total, Defendant called Plaintiff forty-one (41) times between June 1, 2021 and June 28, 2021.

8. Specifically, Defendant called Plaintiff twice on June 1, 2021 at 10:57 a.m. and 2:18 pm., twice on June 2, 2021 at 12:37 p.m. and 2:58 p.m., twice on June 3, 2021 at 12:25 p.m. and 3:01 p.m., once on June 4, 2021 at 2:09 p.m., twice on June 7, 2021 at 11:33 a.m. and 2:28 p.m., once on June 9, 2021 at 1:26 p.m., twice on June 10, 2021 at 11:21 p.m., once on June 11 at 9:31 a.m., twice on June 14, 2021 at 11:47 a.m. and 3:45 p.m., twice on June 15, 2021 at 1:42 p.m., twice on June 16, 2021 at 12:45 p.m. and 4:25 p.m., four times on June 18, 2021 at 10:42 a.m., 11:19 a.m., 1:55 p.m. and 3:49 p.m., twice on June 21, 2021 at 10:42 a.m. and 1:53 p.m., five times one June 22, 2021, including four times at 11:01 a.m. and once at 1:30 p.m., three times on June 23, 2021 at 11:18 a.m., 1:12 p.m., and 3:54 p.m., and twice on June 24, 2021 at 12:04 p.m. and 2:42 p.m.

9. On or around June 24, 2021, after being harassed by calls for nearly a month, Plaintiff reached out directly to Defendant to inform it that she had filed for bankruptcy over a year prior, that it was trying to collect a debt that was subject to discharge, and to ask Defendant to stop calling.

10. Despite this, Defendant continued to call Plaintiff including calls made on June 25, 2021 at 11:13 a.m. and 1:44 p.m., and once on June 28, 2021 at 10:17 a.m.

11. Defendant's calls and its contents were enough to be considered harassment, and thus caused high levels of stress to Plaintiff.

12. Additionally, the debt which Defendant was attempting to collect was subject to discharge as part of Plaintiff's bankruptcy proceedings.

13. Defendant's conduct violated the FDCPA and RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (15 U.S.C. § 1692d(5));

   d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (15 U.S.C. §1692c(a)(1));

   e) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (15 U.S.C. § 1692d));

   f) Using false, deceptive, or misleading representations or means in connection with collection of a debt (15 U.S.C. § 1692e); and

   g) Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A)).

14. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continue to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff reincorporates by reference all of the preceding paragraphs.

16. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages for willful and negligent violations;
    C. Costs and reasonable attorney's fees; and
    D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff reincorporates by reference all of the preceding paragraphs.

18. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willfully.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

    A. Actual damages;
    B. Statutory damages;
    C. Costs and reasonable attorney's fees; and,
    D. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 12th day of January, 2022.

By: *Todd M. Friedman*
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff